NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FELIX VAN VALEN,
Petitioner,
v.
TERENCE MOORE, et al.,
Respondents.

Civil Action No. 04-3667 (JLL)

**O P I N I O N**

**APPEARANCES:**

FELIX VAN VALEN, Petitioner pro se
#290794
New Jersey State Prison
P.O. Box 861
Trenton, New Jersey 08625

PAULA T. DOW, ESQ.
Essex County Prosecutor's Office
Essex County Courts Building
Newark, New Jersey 07102

**LINARES**, District Judge

This matter comes before the Court upon pro se petitioner, Felix Van Valen's ("Van Valen") motion for reconsideration of this Court's January 20, 2006 Opinion and Order denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254, for lack of substantive merit. Van Valen filed his motion for

reconsideration on or about January 10, 2008.[1] (Docket Entry No. 10).

In order to entertain petitioner's motion for reconsideration, the Court will have the Clerk reopen the file. This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the motion will be denied, and the Clerk will be directed to re-close the file.

## I. BACKGROUND

On or about August 2, 2004, Van Valen filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a 1997 New Jersey state court conviction for first degree robbery. Van Valen alleged that he received ineffective assistance of trial counsel, in violation of the Sixth Amendment, because his trial

---

[1] Pursuant to the "prison mailbox rule," pleadings filed by prisoners are deemed filed on the date the prisoner delivers same to prison officials for mailing, not on the date the pleading is ultimately filed with the court. See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1988) (applying prison mailbox rule set forth in Houston, which dealt with filing of an appeal, to a pro se prisoner's filing of a habeas petition). Although the Court is unable to determine the exact date that Van Valen handed his motion for reconsideration to prison officials for mailing, the letter motion was hand dated by petitioner on January 10, 2008. See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1988) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition). Accordingly, the Court finds that January 10, 2008 was the date this motion was filed, and not the date the motion was received by the Clerk of the Court on January 22, 2008.

counsel failed to request a Wade[2] hearing on the issue of an impermissibly suggestive out-of-court identification, and failed to challenge petitioner's arrest as unconstitutional and without probable cause. Van Valen also asserted that the out-of-court identifications were impermissibly suggestive and conducive to misidentification such that testimony by the police, witness and victim should have been excluded. Finally, Van Valen claimed that the trial court erred by giving an erroneous summary to the jury, allowing read-back of testimony not requested, and declining to send an exhibit photograph to the jury room during deliberations as requested by the jury.

The State responded to the petition, arguing that petitioner's claims were either without substantive merit or failed to state a cognizable federal constitutional violation.

In an Opinion and Order filed on January 20, 2006, this Court denied the petition. In particular, this Court found that, based on review of the state court trial record, there was overwhelming evidence against Van Valen and that the issue concerning the suggestiveness of the out-of-court identification was one of credibility, and not one of impermissible suggestiveness by police. This Court also found no merit to petitioner's claims of ineffective assistance of counsel because Van Valen did not demonstrate either deficient performance by

---

[2] United States v. Wade, 388 U.S. 218 (1967).

counsel or that the outcome of the trial would have been different had counsel done as petitioner suggested in his habeas petition. Finally, as to the claim that the trial court erred in the submission of evidence to the jury, this Court determined that the state court trial transcript belied Van Valen's allegations, finding that the record failed to show any error of constitutional dimension.

In a short letter dated January 10, 2008, Van Valen writes to this Court asking for reconsideration of the Court's January 20, 2006 decision. Van Valen provides no basis for reconsideration, other than to say that he has a question of constitutional law and that he does not now have access to a law library, having been placed in protective custody. Van Valen does not address the lateness of his request for reconsideration, almost two years after this Court rendered a decision on Van Valen's petition.

## II. ANALYSIS

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure. United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or as a motion for relief from judgment or order under Fed. R. Civ. P. 60(b). Id. In the District of New Jersey, Local Civil Rule

7.1(i) governs motions for reconsideration. Bowers v. Nationall. Collegiate Athletics Ass'n., 130 F. Supp. 2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion. L. Civ. R. 7.1(i); see NL Industries, Inc. v. Commercial Union Insurance, 935 F. Supp. 513, 515 (D.N.J. 1996). The standard for reargument is high and reconsideration is to be granted only sparingly. See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994). The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(*citing* N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. Compaction Sys. Corp., 88 F. Supp. 2d at 345; see also L. Civ. R. 7.1(i). "The word 'overlooked' is the operative term in the Rule." Bowers, 130 F. Supp. 2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp. 2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989). Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. Bowers, 130 F. Supp. 2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air Nat'l Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision. See Resorts Int'l, 830 F. Supp. at 831 n.3. A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing. See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724, at *3 (D.N.J. Dec. 1, 1989).

Moreover, L. Civ. R. 7.1(i) does not allow parties to restate arguments which the court has already considered. See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990). Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process. Bowers, 130 F. Supp. 2d at 612 (citations omitted); Florham Park Chevron, Inc. v.

Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tishcio v. Bontex, Inc., 16 F. Supp. 2d 511, 533 (D.N.J. 1998)(citation omitted).

Here, Van Valen has waited almost two years after this Court issued an Opinion and Order denying his petition before filing a motion for reconsideration. He provides no basis for his request for reconsideration other than to baldly claim that he can demonstrate a substantive constitutional violation. Van Valen also offers no reasonable excuse for his delay in filing a motion for reconsideration. He simply states that he was recently placed in protective custody and no longer has access to the prison law library. This does not explain the extensive delay of two years.

Van Valen fails to allege that this Court "overlooked" a factual or legal issue that may alter the disposition of the matter, which is necessary for the Court to entertain the motion for reconsideration. Instead, it appears that Van Valen merely

disagrees with this Court's decision. Thus, Van Valen cannot satisfy the threshold for granting a motion for reconsideration. He has not presented the Court with changes in controlling law, factual issues that were overlooked, newly discovered evidence, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice.

Van Valen's only recourse, if he disagrees with this Court's decision, should have been via the normal appellate process. He may not use a motion for reconsideration to re-litigate a matter that has been thoroughly adjudicated by this Court.

## III. CONCLUSION

Therefore, for the reasons expressed above, the Clerk will be directed to reopen this file for review of Van Valen's motion for reconsideration, and the motion will be denied for lack of merit. An appropriate Order follows.

JOSE L. LINARES
United States District Judge

Dated: 6-12-08